T.C. Memo. 1997-156


UNITED STATES TAX COURT


DEBORAH E. CLARK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7144-96.                    Filed March 31, 1997.


Deborah E. Clark, pro se.

John E. Budde, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  Respondent determined a deficiency in
petitioner's 1992 Federal income tax of $72,449 and an addition
to tax pursuant to section 6651(a)(1)[1] in the amount of $2.

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

After concessions, the sole issue remaining for decision is whether petitioner is entitled to exclude, pursuant to section 104(a)(2), $283,394.56 of settlement proceeds received from State Farm Insurance (State Farm) in 1992.[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner resided in Independence, Kentucky, at the time she filed her petition.

From September or October 1975 through May 1976, petitioner worked for the Chuck Clayton Insurance Agency (Chuck Clayton), an agent of State Farm, in Whittier, California. Petitioner was not an insurance agent or trainee agent for Chuck Clayton or State Farm. Petitioner resigned from her job with Chuck Clayton in May 1976. She has not been employed by either Chuck Clayton or State Farm at any time thereafter.

In May 1976, petitioner moved to Cincinnati, Ohio, and began work as a receptionist for Robert G. McGraw & Co., an independent insurance agent, in June 1976. Petitioner subsequently became a licensed insurance agent.

---

[2]At trial, petitioner conceded that $16,200 of her settlement award, which constituted an "incentive cash" payment from State Farm, was includable in her gross income for 1992. See Berst v. Commissioner, T.C. Memo. 1997-137.

On June 1, 1979, a class action lawsuit, <u>Kraszewski v. State Farm Gen. Ins. Co.</u>, was filed against State Farm in the U.S. District Court for the Northern District of California.[3] The class representatives alleged that State Farm had engaged in statewide discrimination in California in the recruiting, hiring, and training of women for sales agent trainee positions in violation of title VII of the Civil Rights Act of 1964 (CRA of 1964), Pub. L. 88-352, 78 Stat. 241. The representatives sought backpay, as well as injunctive and declaratory relief.

The District Court bifurcated the litigation into a liability and a remedy phase. On April 29, 1985, the court ruled in the liability phase that State Farm was liable under title VII for classwide discrimination on the basis of gender.[4] On July 17, 1986, the court held that individual hearings were appropriate to determine the relief for class members. The court determined that class members were entitled to show that they were actual victims of discrimination as to any of the vacancies at State Farm which occurred during the period of liability and were filled by men.

---

[3]On Sept. 9, 1981, the District Court for the Northern District of California certified a class in <u>Kraszewski</u> to maintain the action. See <u>Kraszewski v. State Farm Gen. Ins. Co.</u>, 27 Fair Empl. Prac. Cas. (BNA) 27 (N.D. Cal. 1981).

[4]See <u>Kraszewski v. State Farm Gen. Ins. Co.</u>, 38 Fair Empl. Prac. Cas. (BNA) 197 (N.D. Cal. 1985).

In 1988, while the District Court's decisions were under review in the Court of Appeals for the Ninth Circuit,[5] the law firm which represented the class representatives in Kraszewski contacted petitioner and advised her of the class action. As a result, petitioner filed a Final Claim Form in the class action.[6] Petitioner maintained in the Final Claim Form that she had been sexually discriminated against in that she was deterred from applying for a trainee sales agent position with State Farm during the period December 15, 1975, through May 31, 1976. Petitioner also challenged the January 1, 1977, promotion of State Farm trainee agent James M. Mitchell.

On January 30, 1992, petitioner and State Farm entered into an agreement entitled "Settlement Agreement and General Release", which provided in relevant part:

> The approximate full value of [petitioner's] * * * claim under the Consent Decree damage formula as of February 1, 1992, is $715,931.00, which represents back pay as a State Farm agent accrued from the year of the challenged appointment to February 1, 1992, plus six months of front pay from that date forward.
>
>     b. Settlement Cash at 87.5% Acceptance Rate: State Farm offers [petitioner] * * * Settlement Cash of $267,343.00, which is approximately 37% of the

---

[5]The Kraszewski appeal was decided favorably to the plaintiffs. See Kraszewski v. State Farm Gen. Ins. Co., 912 F.2d 1182 (9th Cir. 1990).

[6]Petitioner did not file a complaint against State Farm at any time.

estimated full Consent Decree value of her claim, to release her claims against State Farm. * * *

* * * * * * *

c. Incentive Cash for Acceptance Rate Above 90%: The Incentive Cash will be $1,800.00 per claimant for each full percentage point by which the Acceptance Rate * * * exceeds 90%. * * *

* * * * * * *

e. Attorney's Fees: The payments State Farm is offering to [petitioner] * * * include her attorneys' fees and costs * * *. That is, [petitioner] * * * will have to pay her attorneys' fees * * * out of the payment State Farm makes to her. * * *

Pursuant to the terms of the settlement, State Farm issued petitioner and her attorneys a check in the amount of $283,394.56. Petitioner's attorneys retained legal fees and costs of $57,897.87, and the remaining $225,496.69 was paid to petitioner.

At this time, petitioner's attorneys provided her and the other class members with a tax opinion letter, which advised that the Supreme Court had granted certiorari in United States v. Burke, 502 U.S. 806 (1991), in order to decide whether back wages received in litigation or settlement of title VII claims were excludable from gross income. The opinion letter stated: "If the Supreme Court determines that back wages awarded in settlement of title VII claims are taxable, a claimant must include the entire amount of her settlement in income, without offset for attorneys fees."

State Farm reported $283,117.69 of the amount on a Form 1099-MISC and reported $425.31 on a Form W-2.  Petitioner reported $283,118 of the settlement proceeds as gross receipts on Schedule C (Profit or Loss From Business) of her 1992 Federal income tax return but then excluded this amount from her reported gross income.  In a Form 8275 (Disclosure Statement) attached to her return, petitioner stated that the proceeds represented damages received on account of personal injuries within the meaning of section 104(a)(2).  Respondent determined that the entire amount of the settlement award should have been included in petitioner's gross income.  In the notice of deficiency, respondent allowed petitioner a deduction for the $57,897 paid to her attorneys.

OPINION

Except as otherwise provided, gross income includes income received from all sources.  Sec. 61(a); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955).  While section 61(a) is to be broadly construed, statutory exclusions from income must be narrowly construed.  Commissioner v. Schleier, 515 U.S. ___, 115 S. Ct. 2159, 2163 (1995).

Pursuant to section 104(a)(2), gross income does not include "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of

personal injuries or sickness".  Section 1.104-1(c), Income Tax Regs., provides that "The term 'damages received (whether by suit or agreement)' means an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution."  In order for damages to be excludable from gross income under section 104(a)(2), the taxpayer must demonstrate that:  (1) The underlying cause of action is based upon tort or tort type rights, and (2) the damages were received on account of personal injuries or sickness.  Commissioner v. Schleier, 515 U.S. at ___, 115 S. Ct. at 2167.

Where amounts are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable under section 104(a)(2).  United States v. Burke, 504 U.S. 229, 237 (1992).  The critical question is "in lieu of what was the settlement amount paid?"  Bagley v. Commissioner, 105 T.C. 396, 406 (1995).

The amount received by petitioner pursuant to the settlement agreement in the case against State Farm was intended to settle petitioner's claims under title VII of the CRA of 1964. Petitioner did not file an individual complaint in that case, and the settlement agreement does not contain a specific reference to title VII.  Nevertheless, the surrounding circumstances confirm

that title VII is the basis for the underlying claim. The nature of petitioner's claim is the same as that articulated in the complaint filed by the Kraszewski class representatives, which alleged that State Farm had engaged in statewide discrimination in the recruiting, hiring, and training of women for sales agent trainee positions in violation of title VII. The plaintiffs sought backpay and injunctive and declaratory relief. In Kraszewski v. State Farm Gen. Ins. Co., 38 Fair Empl. Prac. Cas. (BNA) 197 (N.D. Cal. 1985), the District Court ruled that State Farm was liable under title VII to all members of the class who had been discriminated against and ordered individual hearings.

Our decision is controlled by the Supreme Court's holding in United States v. Burke, supra. In Burke, the Court considered whether amounts received in settlement of a claim under title VII of the CRA of 1964 were excludable under section 104(a)(2). The Court analyzed title VII and concluded that it did not provide for remedies to recompense claimants for tort type personal injuries. Instead, as the Court noted, title VII limited the available remedies to backpay, injunctions, and other equitable relief.[7] Id. at 238. As a result, the Court concluded that

---

[7]The Supreme Court also observed that some courts have permitted tit. VII claimants under certain circumstances to recover front pay or future lost earnings. United States v. Burke, 504 U.S. 229, 239 n.9 (1992); see also Shore v. Federal Express Corp., 777 F.2d 1155, 1158-1160 (6th Cir. 1985). Petitioner's settlement proceeds in the instant case included a
(continued...)

title VII did not redress tort type personal injuries and, consequently, that settlement proceeds based upon such a claim were not excludable under section 104(a)(2). Id. at 241-242. The Court explained that title VII plaintiffs were entitled only to backpay properly due them, which, if paid in the ordinary course, would have been fully taxable. Id. at 241.

Similarly, in the instant case, the entire award received by petitioner in settlement of her title VII claim against State Farm is includable in gross income. The Settlement Agreement and General Release between petitioner and State Farm, dated January 30, 1992, expressly provided that:

> The approximate full value of [petitioner's] * * * claim under the Consent Decree damage formula as of February 1, 1992, is $715,931.00, which represents back pay as a State Farm agent accrued from the year of the challenged appointment [of James M. Mitchell] to February 1, 1992, plus six months of front pay from that date forward.

Under the terms of the settlement agreement, petitioner was paid an amount equal to approximately 37 percent of the full claim under the Consent Decree, plus an "incentive cash" payment. Thus, no portion of petitioner's settlement award from State Farm was attributable to the prosecution of tort or tort type rights. Consequently, petitioner improperly excluded the settlement

---

[7](...continued)
6-month award of front pay.

proceeds from her gross income for 1992.  Commissioner v. Schleier, 515 U.S. at ___, 115 S. Ct. at 2167; United States v. Burke, supra at 242.

In 1991, Congress amended title VII to permit the recovery of compensatory and punitive damages for certain violations.[8] See Civil Rights Act of 1991, Pub. L. 102-166, sec. 102, 105 Stat. 1071, 1072-1073.  On brief, petitioner contends that the complaint of the class representatives in Kraszewski requested not only declaratory and injunctive relief pursuant to title VII of the CRA of 1964 but monetary and compensatory damages as well. Moreover, petitioner maintains that her cause of action continued until the date of her settlement with State Farm on January 30, 1992, by which time the 1991 amendments to title VII affording a broader range of damages had become effective.  Petitioner argues that the law in effect at the time of her settlement--the Civil Rights Act of 1991, sec. 102--should apply in this case. Petitioner maintains that this brings her settlement award within the purview of section 104(a)(2), and, therefore, the amount received is excludable from her gross income for 1992.

Petitioner's argument is unpersuasive.  The complaint in Kraszewski, which was filed on June 1, 1979, explicitly requested

---

[8]In addition to punitive damages, the Civil Rights Act of 1991, Pub. L. 102-166, sec. 102, 105 Stat. 1071, 1073, provides for the recovery of compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

relief pursuant to title VII of the CRA of 1964, and the damages petitioner ultimately received were in settlement of her individual title VII claim under the 1964 legislation.[9]  The Settlement Agreement and General Release, which petitioner and State Farm entered into on January 30, 1992, also clearly provided that petitioner's settlement award represented backpay that petitioner would have received had she been hired as a State Farm agent, a 6-month award of front pay, and an "incentive cash" payment.  No reference is made in the complaint or the settlement agreement to either compensatory or punitive damages.

In any event, the 1991 amendments to title VII do not apply to this litigation, notwithstanding that petitioner's settlement agreement with State Farm was signed after the effective date of these amendments.[10]  In Landgraf v. USI Film Prods., 511 U.S. 244, 281-286 (1994), the Supreme Court held that the amendments to title VII providing for compensatory and punitive damages do not have retroactive application to cases which were pending on appeal when the statute was enacted.  In the instant case, petitioner's own Final Claim Form indicates that the conduct which gave rise to petitioner's cause of action occurred between

---

[9]Indeed, the complaint in the Kraszewski litigation was titled "Complaint for Back Pay, Injunctive and Declaratory Relief (Civil Rights Class Action)".

[10]The effective date of the amendments was Nov. 21, 1991. See Civil Rights Act of 1991, sec. 402(a), 105 Stat. 1099.

December 15, 1975, and May 31, 1976, and on January 1, 1977, when the promotion of James M. Mitchell, which petitioner challenged, took place. The liability stage of the Kraszewski class action litigation was decided in 1985 and the relief stage in 1986. The Court of Appeals for the Ninth Circuit affirmed the District Court's decisions in Kraszewski in 1990. All these events predated the effective date of the 1991 amendments.

For the foregoing reasons, we hold that petitioner is not entitled to exclude from gross income the settlement proceeds received from State Farm in 1992. Accordingly, respondent's determination is sustained.[11]

We have considered petitioner's remaining arguments and, to the extent not discussed herein, find them to be irrelevant or without merit.

Decision will be entered

under Rule 155.

---

[11]We note that our opinion herein is consistent with three prior decisions of this Court, which similarly held that settlement proceeds received pursuant to the Kraszewski litigation were not excludable from gross income under sec. 104(a)(2). See Berst v. Commissioner, T.C. Memo. 1997-137; Martinez v. Commissioner, T.C. Memo. 1997-126; Fredrickson v. Commissioner, T.C. Memo. 1997-125.